U.S. Equal Employment Opportunity Commission
Newark Area Office
Two Gateway Center, Suite 1703
283-299 Market Street
Newark, New Jersey 07102
Edumin Corrales, Trial Attorney
(862) 338 - 9424

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NOVO NORDISK, INC.,<br><br>Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Civil Action No.:  3:22-cv-3482 |

### NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, as amended (the "ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief to Charging Party Deborah Hunter ("Hunter"). The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Novo Nordisk, Inc. ("Defendant") denied Hunter a lateral transfer based on her age.

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.     The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Novo Nordisk, Inc., has continuously been incorporated in Delaware and doing business in the State of New Jersey, with its principal place of business and U.S. headquarters located in Plainsboro Township, New Jersey, and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the EEOC's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. On or about January 2018, Defendant engaged in unlawful employment practices in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a)(1). Specifically:

    a. On November 16, 2015, Deborah Hunter began working for Respondent as an Obesity Care Specialist in Phoenix, Arizona.

    b.      As an Obesity Care Specialist, Ms. Hunter worked in the field by visiting healthcare providers and other stakeholders to promote Defendant's weight-loss product.

    c.      In or about January 2018, Ms. Hunter was assigned to Defendant's Phoenix, Arizona territory, which was outside of her zone of residence and required Ms. Hunter to commute more than fifty miles per day from her home in Scottsdale, Arizona.

    d.      In approximately January 2018, when she was approximately 62 years old, Ms. Hunter sought a lateral transfer to a vacant Obesity Care Specialist position in the Flagstaff, Arizona territory.

    e.      In 2018, Ms. Hunter was qualified for the Obesity Care Specialist position in Flagstaff, Arizona.

    f.      In 2018, most of Defendant's business and clients for the Flagstaff, Arizona Obesity Care Specialist position were located in the Scottsdale, Arizona area.

    g.      In approximately January 2018, Ms. Hunter was interviewed for the Obesity Care Specialist position in Flagstaff, Arizona.

    h.      In early 2018, Defendant's Obesity District Business Manager, Marc Fujimoto ("Mr. Fujimoto"), told Ms. Hunter that he denied her lateral transfer to the Obesity Care Specialist position in Flagstaff, Arizona because he wanted someone who was going to be in the territory "long term," a clear reference to Ms. Hunter's age;

    i.      Mr. Fujimoto selected 33-year-old David Corson for the Obesity Care

        Specialist position, which he started in approximately March 2018.

j.    Mr. Fujimoto denied Ms. Hunter the lateral transfer to the vacant Obesity Care Specialist position in Flagstaff, Arizona because of her age.

k.    Ms. Hunter complained to Defendant that she was denied the transfer because of her age.

l.    Defendant investigated the complaint and determined that:

      i.    Mr. Fujimoto did not offer Ms. Hunter the lateral transfer to the vacant Obesity Care Specialist position in Flagstaff, Arizona based on her age; and

      ii.    Mr. Fujimoto violated Defendant's Equal Employment Opportunity & Anti-Harassment Policy by denying Ms. Hunter the lateral transfer to the vacant Obesity Care Specialist position in Flagstaff, Arizona based on her age.

m.    Defendant terminated Mr. Fujimoto's employment for violating its Equal Employment Opportunity & Anti-Harassment Policy.

n.    Despite determining that her transfer request was rejected because of her age, nevertheless Defendant did not offer a lateral transfer to Charging Party Hunter.

o.    As a result of the foregoing, Hunter suffered harm.

8.    The unlawful employment actions complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## **PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating based on age, including, but not limited to, denying employees lateral transfers based on age;

    B.    Enter declaratory judgment in favor of the EEOC indicating that denial of a lateral transfer based on age violates the ADEA;

    C.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices;

    D.    Order Defendant to make Ms. Hunter whole by restoring her to the economic position she would have been in absent the discrimination including, but not limited to providing appropriate back pay with prejudgment interest, in an amount to be determined at trial;

    E.    Order other affirmative relief necessary to eradicate the effects of Defendant's unlawful practices, including instatement or front pay if instatement is not feasible;

    F.    Order Defendant to pay Ms. Hunter liquidated damages for the willful conduct described above, in amounts to be determined at trial;

    G.    Grant such further relief as the Court deems necessary and proper in the public interest; and

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Dated: June 6, 2022

                                                      Respectfully submitted,

                                                      CHRISTOPHER LAGE
                                                      Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street NE
Washington, D.C. 20507

JEFFREY BURSTEIN
Regional Attorney
jeffrey.burstein@eeoc.gov

KIMBERLY CRUZ
Supervisory Trial Attorney
kimberly.cruz@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004

*/s/ Edumin Corrales*

EDUMIN CORRALES
Trial Attorney
edumin.corrales@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Newark Area Office
Two Gateway Center, Suite 1703
283-299 Market Street,
Newark, New Jersey 07102
Office: (862) 338-9424

6