# Morgan Lewis

**Michael S. Burkhardt**
+1.215.963.5130
michael.burkhardt@morganlewis.com

August 5, 2022

**VIA ECF**

The Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Federal Building and U.S. Courthouse
402 E. State Street
Courtroom 4W
Trenton, NJ 08608

Re:   **United States Equal Employment Opportunity Commission v. Novo Nordisk, Inc.**
      **Civil Action No.:  3:22-cv-3482**

Dear Judge Quraishi:

This firm represents Defendant Novo Nordisk, Inc. (hereinafter "Novo Nordisk").  Pursuant to this Court's judicial preferences, Novo Nordisk files the instant letter setting forth its basis for its proposed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and respectfully requests the Court schedule a pre-motion conference.

This action arises out of Plaintiff United States Equal Employment Opportunity Commission's (the "EEOC") claim of age discrimination under the Age Discrimination in Employment Act of 1967 (the "ADEA") as to Deborah Hunter.  However, the EEOC failed to plead that Ms. Hunter suffered an adverse employment action as legally required to establish this claim.  Therefore, Novo Nordisk respectfully requests leave to file a motion to dismiss the EEOC's Complaint with prejudice for failure to state a plausible claim.[1]

By way of background, in or about November 2015, Deborah Hunter was offered and accepted an Obesity Care Specialist role with Novo Nordisk that was based in Phoenix, Arizona.  *See* Cmpl. ¶ 7(a).  Ms. Hunter then began commuting from her home in Scottsdale, Arizona, to "work[] in the field by visiting healthcare providers and other stakeholders to promote Defendant's weight loss products" in the company's Phoenix, Arizona territory.  *See id.* ¶¶ 7(b)-(c).

More than two years later, in or about January 2018, Ms. Hunter requested a lateral territory transfer and sought to continue performing the same Obesity Care Specialist role in the company's Flagstaff, Arizona territory.  *See id.* ¶ 7(d).  Most of Novo Nordisk's business and clients for the Flagstaff, Arizona territory allegedly were located in the Scottsdale, Arizona area where Ms. Hunter resides.  *See id.* ¶¶ 7(c), (f).  In early 2018, Ms. Hunter's manager, Marc Fujimoto, denied her request for a lateral territory transfer, so Ms.

---

[1] Novo Nordisk disputes that the EEOC's claim of age discrimination as to Ms. Hunter has any merit and reserves the right to challenge this claim on any and all other grounds.  The facts in the Complaint are deemed to be true for purposes of Novo Nordisk's proposed motion to dismiss only.

The Honorable Zahid N. Quraishi, U.S.D.J.
August 5, 2022
Page 2

Hunter continued to work in the Phoenix, Arizona territory. *See id.* ¶ 7(h). Following a complaint made by Ms. Hunter, Novo Nordisk investigated and determined that Mr. Fujimoto violated company policy. *See id.* ¶¶ 7(k)-(l). As a result of this finding, Novo Nordisk terminated Mr. Fujimoto's employment. *See id.* ¶¶ 7(m). In the instant action, the EEOC claims that the denial of Ms. Hunter's lateral territory transfer request constituted actionable age discrimination under the ADEA.

The EEOC did not plead a plausible claim of age discrimination because it failed to allege that Ms. Hunter suffered an adverse employment action under the ADEA. The two essential elements of an age discrimination claim under the ADEA are that (1) the employee suffered an adverse employment action (2) because of the employee's age. *See* Age Discrimination in Employment Act of 1967 § 2, 29 U.S.C. § 621; *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009). To constitute an adverse employment action, the challenged decision must be "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Fiorentini v. William Penn Sch. Dist.*, 665 F. App'x 229, 234 (3d Cir. 2016) (quoting *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001)).

In the Third Circuit, the denial of an employee's request for a lateral transfer, meaning a request to perform the same or a comparable role, does not constitute an adverse employment action. *See, e.g.*, *Swain v. City of Vineland*, 457 F. App'x 107, 110 (3d Cir. 2012); *Bell v. Lockheed Martin Corp.*, No. 08-6292, 2014 WL 2920503, at *17 (D.N.J. June 27, 2014). Specifically, where the only alleged difference in the sought-after role is the geographical proximity to the plaintiff's home, the denial of a transfer request is not an adverse action as a matter of law. *See, e.g.*, *Fallon v. Meisner*, 66 F. App'x 348, 351-52 (3d Cir. 2003); *Mallet v. Potter*, No. 05-5586, 2008 WL 724348, at *4 (D.N.J. Mar. 17, 2008).[2]

Here, the EEOC merely alleges that Ms. Hunter was denied her request for a lateral transfer to an identical position that was closer to her home. The EEOC affirmatively pleads that Ms. Hunter sought to continue performing the exact position that she held in a different territory within Arizona, which it asserts was closer to her home with a lesser commute. *See* Compl. ¶¶ 7(c)-(d), (f). However, the denial of Ms. Hunter's request for a lateral transfer to a neighboring territory is not an adverse employment action. As a result, the EEOC's claim of age discrimination as to Ms. Hunter fails as a matter of law.

For the foregoing reasons, Novo Nordisk respectfully requests that the Court schedule a pre-motion conference or otherwise permit it to file a motion to dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

Michael S. Burkhardt

---

[2] This letter references Third Circuit Court of Appeals opinions that were reported in the Federal Appendix and are non-precedential. These opinions are factually aligned with the allegations in the Complaint and are cited herein as persuasive authority.